ENDICOTT JOHNSON CORPORATION, Plaintiff and Appellant, *v.* RAMÓN ECHEANDÍA, ETC., Defendants and Appellees.

No. 6169. Argued December 1, 1933.—Decided September 29, 1934.

*Pedro G. Quiñones* for appellant.  *José Sabater* for appellees.

Mr. Justice Aldrey delivered the opinion of the Court.

The purpose of the complaint in this case is to recover from defendants $5,000 which is the value of certain promissory notes secured by mortgage, but after trial, to which defendants did not appear, the court dismissed the complaint and this appeal was taken.

Plaintiff Endicott Johnson Corporation of the state of New Jersey, in the United States of America, executed a contract with R. M. Echeandía, a merchant of Mayagüez in this island, on October 7, 1930, by which the corporation gave Echeandía a credit for $5,000 in current account for a period of 2 years subject to extension for another year for the purchase from the corporation of merchandise manufactured by the latter.  In said contract it was stipulated that Echeandía would pay a certain per cent per month, that he could make larger payments and larger orders to the corporation at any time; and that in case of breach of said contract by Echeandía the manner in which he would pay the balance of his account was agreed.  The following stipulation was made in the last clause of the contract:

*"Eleventh:* To secure the credit of five thousand dollars ($5,000) or any lesser amount which Mr. Echeandía may owe, the latter will deliver to the former two mortgage promissory notes for three thousand dollars ($3,000) and two thousand dollars ($2.000) repectively, which promissory notes will be issued in favor of the bearer, and

the holder may recover their value in the manner deemed most convenient.''

Three days after said contract, on October 10, 1930, the wife of Echeandía, with the assistance of her husband, executed a public deed by which as owner of certain joint tenancy which she inherited from her parents, she mortgaged them to secure the payment of two promissory notes, one for $3,000 and another for $2,000, payable to bearer, which the spouses signed the same day, agreeing jointly to pay them on October 10, 1933; and the mortgage debtor agreed to record said joint ownerships within a period of 120 days from the date of the deed; stipulating also that if she failed to do so the holder or holders of the promissory notes could declare them due and take judicial action to collect on them. The record of said mortgage was refused by the registrar of property on October 11, 1930, because the joint ownerships mortgaged did not appear in the name of Mrs. Echeandía but in the name of a different person. In May of the following year, 1931, before the date of maturity of the mortgage promissory notes, the corporation took judicial action to recover the $5,000 to which said two obligations amounted.

■■ Although the mortgage constituted by the wife of Echeandía is due in accordance with Section 1082 of the Civil Code, (1930 Edition), because she has no right to profit by the extension granted until 1933 to make payment as she did not record the joint ownerships she mortgaged, and which prevented the record of the mortgaged constituted on them, diminishing thus said security after its constitution as it is not protected against third persons, however, the defendant spouses are not obliged to pay the $5,000 to which said promissory notes amount because the documents in the record show that the mortgage promissory notes were executed to secure the current account between Echeandía and the corporation up to $5,000. Hence, the Echeandía spouses do not owe to the corporation the sum of $5,000 but only the balance

of said current account when the same is liquidated at the expiration of its 3 years or before by breach of the contract with the corporation by Echeandía. The complaint is not based on the liquidation of the current account, and hence the extent of the liability of the defendant spouses is not known, especially the wife and her joint ownerships.

In the case of *Geo P. Plant Milling Co.* v. *Navas* 22 P.R.R. 255, cited by appellant, is not applicable to this case because there the mortgage was constituted by the wife to pay liquidated and acknowledged debts of the husband, and although it extended to certain remittances of merchandise made to him, they were for a sum fixed and payable upon the presentation of the drafts, and hence there was no current account as in the present case.

The judgment appealed from must be affirmed.